UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON LOCKRIDGE,

        Petitioner,

        v.

NICK J. LUDWICK,

        Respondent.

_____/

CASE NO. 2:09-CV-10145
JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS
(docket #6) and PETITIONER'S MOTION TO HOLD IN ABEYANCE (docket #10)**

I.      RECOMMENDATION: The Court should grant petitioner's motion to hold the petition in abeyance (docket #10).  If the Court accepts this recommendation, the Court should deny as moot respondent's motion to dismiss (docket #6).

II.     REPORT:

A.     *Procedural Background*

Petitioner Shannon Lockridge is a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan.  On March 15, 2007, petitioner was convicted of conducting a continuing criminal enterprise, MICH. COMP. LAWS § 750.159i, pursuant to his guilty plea in the Muskegon County Circuit Court.[1]  On July 16, 2007, he was sentenced as an habitual offender to a term of 15-30 years' imprisonment.  Petitioner did not seek to appeal his conviction or sentence in the Michigan Court of Appeals or Michigan Supreme Court.  On January 13, 2009, petitioner filed an application for the writ of habeas corpus in this Court.  Petitioner challenges his

---

[1]Petitioner was on parole for an unrelated offense at the time of his conviction.  His parole was revoked by the state court.

conviction on the following grounds: (1) improper arrest; (2) improper arraignment; (3) wrongful conviction; (4) improper sentencing as an habitual offender; (5) trial court lacked jurisdiction; and (6) improper consecutive sentencing.

On March 23, 2009, respondent filed a motion to dismiss based on petitioner's failure to exhaust his state court remedies because petitioner has not presented his claims to the state appellate courts. Petitioner filed a response to the motion on May 6, 2009, and on November 3, 2009, petitioner filed a motion to hold his habeas petition in abeyance. In his motion, petitioner asserts that he is now pursuing his claims in a state court motion for relief from judgment pursuant to MICH. CT. R. 6.500-.508. Respondent has not filed a response to petitioner's motion.

B.    *Analysis*

At the outset, the Court may grant petitioner's motion based on respondent's failure to file a response. Respondent has failed to file a response to petitioner's motion, although his time for doing so has now expired. *See* E.D. Mich. LR 7.1(d). Because a response has not been filed, the motion is deemed unopposed, *see* E.D. Mich. LR 7.1(b) (emphasis added) ("A respondent opposing a motion *must* file a response, including a brief and supporting documents then available."), and may be granted on that basis. *See Brobson v. Borough of New Hope*, No. 00-0003, 2000 WL 1738669, at *7 (E.D. Pa. Nov. 22, 2000); *Earl's Offset Sales & Serv. Co., Inc. v. Bekins/EDC, Inc.*, 903 F. Supp. 1148, 1149 (S.D. Tex. 1995).

Nevertheless, the Court should also conclude that petitioner is entitled to the relief he seeks on the merits. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court considered the intersection of the total exhaustion rule–which requires a court to dismiss a mixed petition containing exhausted and unexhausted claims–and the habeas statute's one year limitations period, which does not toll the time spent pursuing an unexhausted claim in federal court. Recognizing "the gravity of this

2

problem and the difficulty it has posed for petitioners and federal district courts alike," *id*. at 275, the Court approved, at least in some circumstances, the lower courts' use of the so-called "stay and abeyance" procedure. "Under this procedure, rather than dismiss the mixed petition . . . a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76.[2]

Balancing the interests served by the habeas statute's finality and timeliness requirements against the petitioner's interest in having his claims adjudicated in a federal habeas proceeding, the Court concluded that stay-and-abeyance is permissible, but "should be available only in limited circumstances." *Id*. at 277. Specifically, stay-and-abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court." *Id*. Further, even where good cause is present, the court should not grant a stay where the unexhausted claims are plainly meritless. *See id*. Additionally, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id*. at 278. Thus, a district court should ask three questions in deciding whether to stay a mixed petition: (1)

---

[2]*Rhines* in particular, and the stay-and-abeyance procedure in general, usually concerns a mixed petition–that is, one containing exhausted and unexhausted claims. Here, petitioner's habeas application is technically not a mixed petition, because each of his claims for relief has been exhausted. Rather, petitioner has asserted separate claims of ineffective assistance of counsel solely as cause to excuse his procedural default. I have found no cases addressing the propriety of the stay-and-abeyance procedure in such a case, although at least one court prior to *Rhines* had entered a stay to permit exhaustion of an ineffective assistance of counsel claim asserted as cause. *See Cameron v. New York*, No. 01 Civ. 9988, 2002 WL 31898076, at *8-*9 (S.D.N.Y. Dec. 30, 2002). Nevertheless, *Rhines* adopts a flexible test which is applicable here. As the Court explained, the purpose of the stay-and-abeyance procedure is to prevent the complex exhaustion, procedural default, and statute of limitations rules applicable to habeas petitions from "unreasonably impair[ing] the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278; *see also*, *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Precluding the stay-and-abeyance procedure here would unreasonably impair petitioner's right to fully adjudicate his claims no less than if his petition were a true mixed petition.

is there a lack of good cause for the failure to exhaust?; (2) are the unexhausted claims plainly

meritless?; and (3) has the petitioner engaged in abusive or dilatory litigation tactics?  If any of

these questions is answered in the affirmative, the court should not stay the habeas proceedings.

Here, there is no indication that petitioner has engaged in abusive or dilatory litigation

tactics.  Further, although not commenting on their ultimate merit, petitioner's claims are not plainly

meritless on their face.  That leaves only the question of good cause.  Unfortunately, "[t]he Supreme

Court did not define 'good cause' in *Rhines*, and no Circuit Court of Appeals has yet opined on its

meaning."  *Brown v. Ebert*, No. 05 Civ. 5579, 2006 WL 1273830, at *2 (S.D.N.Y. May 9, 2006)

(internal quotation omitted).  Nevertheless, some contours have emerged from the Supreme Court

and the Ninth Circuit.  In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court noted in discussing

a statute of limitations issue that "[a] petitioner's reasonable confusion about whether a state filing

would be timely will ordinarily constitute 'good cause' for him to file in federal court."  *Id*. at 416.

Second, in *Jackson v. Roe*, 425 F.3d 654 (9th Cir. 2005), the Ninth Circuit rejected the district court's

equation of "good cause" with the "extraordinary circumstances" test applied under section 10(e) of

the National Labor Relations Act.  *See id*. at 662.  The court concluded that the "good cause" test was

not as stringent as the "extraordinary circumstances" test, but provided no further guidance on the

issue.  *See id*.

Faced with this dearth of authority, the district courts have adopted a number of different tests

to determine whether "good cause" has been shown.  A number of courts "have analogized the 'good

cause' standard with the showing of 'cause' required to overcome a procedural bar."  *Fernandez v.

Artuz*, No. 00 Civ. 7601, 2006 WL 121943, at * (S.D.N.Y. Jan. 18, 2006) (citing cases).  Such a view

of the "good cause" requirement, however, is at odds with the Court's later recognition in *Pace* that

a mere "reasonable confusion" about filing requirements ordinarily constitutes good cause because

4

such reasonable confusion or ignorance of the law generally does *not* constitute the type of cause sufficient to excuse a procedural default. *See, e.g.*, *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004); *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988). Thus, *Pace* "suggest[s] a more expansive definition of 'good cause' . . . than the showing needed for 'cause' to excuse a procedural default." *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand from Court's decision in *Rhines*).

Beyond noting that good cause under *Rhines* is something less than the "cause" needed to excuse a procedural default, the Court need not definitively resolve this question because petitioner's situation is akin to the situation discussed by the Court in *Pace*. Here, there is no evidence that petitioner's failure to exhaust his claims stemmed from anything other than "reasonable confusion" arising from the intricacies of the state appellate process and habeas jurisprudence's procedural rules. Petitioner's failure to exhaust, in other words, arises from "the procedural complexities confronting a prisoner who endeavors to exercise his statutory right to challenge a state court conviction by means of a petition to a federal district court for a writ of habeas corpus." *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001). Petitioner's "reasonable confusion," *Pace*, 544 U.S. at 416, is sufficient to constitute "good cause" for a stay of the proceedings while petitioner exhausts his ineffective assistance of counsel claims. *See Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (explaining that the Court's "good cause" standard "is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary *pro se* prisoner.'").

Thus, the Court should grant petitioner's request for a stay of the proceedings so that he may exhaust his claims. In doing so, however, the Court's "discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." *Rhines*, 544 U.S. at 277. Thus, the Court must "place reasonable time limits on . . . petitioner's trip to state court and back." *Id*. at 278. In pre-*Rhines* cases

5

the Sixth Circuit, adopting the Second Circuit's approach in *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), explained that "[w]hen a district court elects to stay a petition, 'it should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.'" *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002) (quoting *Zarvela*, 254 F.3d at 381); *see also*, *Godbolt v. Russell*, 82 Fed. Appx. 447, 452 (6th Cir. 2003); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). This approach is consistent with the command of *Rhines*. *See Rhines*, 544 U.S. at 278 (citing with approval the Second Circuit's approach in *Zarvela*). Accordingly, the Court should grant petitioner's request for a stay, conditioned on his filing a motion for relief from judgment in the state court within 30 days of the Court's order entering the stay, and on his seeking a lifting of the stay within 30 days of exhausting the state court appeals process.[3]

C.      *Conclusion*

        In view of the foregoing, the Court should grant petitioner's motion to hold the petition in abeyance and should stay the case conditioned on petitioner's (1) commencing state court proceedings on his unexhausted claims within 30 days of the Court's order entering a stay, and (2) returning to this Court and seeking a lifting of the stay within 30 days of the conclusion of the state court proceedings. If the Court accepts this recommendation, the Court should deny as moot respondent's motion to

---

        [3]I note that an apparent statute of limitations problem arises from the fact that petitioner was sentenced on July 16, 2007, but did not file his habeas application until January 13, 2009. If there is a limitations problem in this respect, a stay of the proceedings does not foreclose respondent's ability to raise this argument. A stay only has the effect of protecting petitioner's January 13, 2009, filing date, so that the statute does not continue to run after that date. Any limitations problem which existed prior to the January 13, 2009, filing date is not implicated by the Court's stay, and respondent remains free to raise any such issue when the stay is lifted.

6

dismiss.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 11/30/09

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record  by electronic means or U.S. Mail and Shannon Lockridge on November 30, 2009.

s/Eddrey Butts

7