UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>HANNON</small> L<small>OCKRIDGE</small>,

       Petitioner,

v.

C<small>INDI</small> S. C<small>URTIN</small>,

       Respondent,

_____/

C<small>ASE</small> N<small>O</small>. 09-10145

S<small>ENIOR</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small>
J<small>UDGE</small> A<small>RTHUR</small> J. T<small>ARNOW</small>

M<small>AGISTRATE</small> J<small>UDGE</small> P<small>AUL</small> J. K<small>OMIVES</small>

**<u>ORDER DENYING OBJECTION [42], ADOPTING THE REPORT AND RECOMMENDATION [41], DENYING THE PETITION FOR WRIT OF HABEAS CORPUS [1, 27], AND DENYING PETITIONER A CERTIFICATE OF APPEALABILITY</u>**

**I. Introduction**

Pro se Petitioner Shannon Lockridge filed a Petition for a Writ of Habeas Corpus [1] on April 13, 2009. Before the Court is Magistrate Judge Komives' Report and Recommendation [41] entered on April 8, 2013. The Report and Recommendation [41] recommends that this Court deny Petitioner's application for the writ of habeas corpus and deny Petitioner a certificate of appealability. Petitioner filed Objections [42] to the Report and Recommendation [41] on April 19, 2013.

1

For the reasons stated below, the Court adopts the Report and Recommendation [41], denies Petitioner's Petition for Writ of Habeas Corpus [1, 27], and denies Petitioner a certificate of appealability.

## II. Procedural Background

Petitioner Shannon Lockridge is a state prisoner currently confined at the Oaks Correctional Facility in Manistee, Michigan. On March 15, 2007, Petitioner pled guilty and was convicted of a charge of criminal enterprise, MCL § 750.159i(1), in the Muskegon County Circuit Court. On July 16, 2007, he was sentenced as a fourth degree habitual offender to a term of 15-30 years imprisonment. At the time of his conviction, Petitioner was on parole for an unrelated offense. His parole was revoked as a result of his conviction.

Following his conviction, petitioner filed a voluntary request to withdraw his appeal. The trial court entered a stipulated order ending the appeal and permitting counsel to withdraw on December 27, 2007.

On January 13, 2009, Petitioner filed a Petition for Writ of Habeas Corpus [1] in this Court. Respondent filed a Motion to Dismiss [6] for lack of exhaustion on May 6, 2009. Petitioner responded with a Motion to Hold Habeas Petition in Abeyance [10]. On December 28, 2009, this Court adopted the Magistrate Judge's Report and Recommendation [11] granting Petitioner's Motion to Hold Habeas

Petition in Abeyance [10] and denying Respondent's Motion to Dismiss [6] as moot.

On May 14, 2010, the Muskegon County Circuit Court denied Petitioner's Motion for Relief from Judgment. The Michigan Court of Appeals denied Petitioner's Motion for Relief from Judgment, and the Michigan Supreme Court denied Petitioner's applications for leave to appeal.

On September 22, 2011, Petitioner again filed a renewed Petition for Writ of Habeas Corpus [27] before this Court. This petition was filed under case number 11-14151. On February 13, 2013, the Magistrate Judge granted Respondent's Motion to Consolidate Cases [15].

Respondent filed its Opposition to Petition for Writ of Habeas Corpus [36] on April 24, 2012. Petitioner filed a Reply to Respondent's Opposition [39] on June 5, 2012.

The Report and Recommendation [41] issued on April 8, 2013 now before this Court recommends that the Court deny Petitioner's Petition for a Writ of Habeas Corpus as to all of Petitioner's claims. Petitioner filed an Objection to the Report and Recommendation [42] on April 19, 2013.

### III. Plea and Appeal Proceedings

The Report and Recommendation [41] contains a detailed explanation of the plea and appeal proceedings that make up the background of this case, and the Court adopts this background as set out in the Report and Recommendation [41], with the following exception: Plaintiff did not state during the plea hearing that he had cashed the fraudulent checks using stolen identification.

### IV. Standard of Review

This Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id.*

The Report and Recommendation [41] contains a detailed recital of the substantive standards for granting habeas relief pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and the Court adopts this standard as set out in the Report and Recommendation [41] in full.

## V. Analysis

Petitioner's first Petition for Writ of Habeas Corpus [1] and the second Petition for Writ of Habeas Corpus [27] originally filed with case number 11-14151 raise a combined thirteen claims. This Court adopts the Magistrate Judge's findings as to all of Petitioner's thirteen claims.

Petitioner's Objection to the Report and Recommendation [42] raises one further argument which this Court now denies.

Petitioner contends that on January 26, 2009, Magistrate Judge Whalen examined Petitioner's Petition for Writ of Habeas Corpus [1] and found it to be meritorious pursuant to 28 U.S.C. § 2254. The Court finds only two items filed on this date. The first is an Order Amending Caption [2] and the second is an Order Requiring Responsive Pleading [3]. The Order Requiring Responsive Pleading [3] states that the Petition for Writ of Habeas Corpus [1] has been examined and is not subject to summary dismissal pursuant to Rule 4 of the Rules Governing 2254 Cases. As the heading of Rule 4 indicates, the rule pertains only to "preliminary review [and] serving of the petition and order." Therefore, the Magistrate Judge's preliminary review does not weigh on this Court's final determination, and Petitioner's objection is denied.

A. *Certificate of Appealability*

The Court also adopts the Report and Recommendation's [41] conclusion that a certificate of appealability should not be issued. In the Report and Recommendation's [41] review of each of the Petitioner's claims, it is demonstrated that these claims are not reasonably debatable. 28 U.S.C. § 2253(c)(2) provides that a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." As Petitioner has not shown the merits of his claims sufficient to meet this standard, this Court denies Petitioner a certificate of appealability.

## VI. Conclusion

For the reasons stated above, the Court adopts the Report and Recommendation [41], denies Petitioner's Petition for Writ of Habeas Corpus [1, 27], and denies Petitioner a certificate of appealability.

Therefore,

**IT IS ORDERED** that Petitioner's Objection [42] is **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation [41] is **ADOPTED.**

**IT IS FURTHER ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus [1, 27] is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that this matter is **CLOSED.**

**SO ORDERED.**

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

DATED:  September 11, 2014